[No. 8328. Department Two. May 11, 1910.]

JYNTARO TSMURA, *Respondent*, v. GREAT NORTHERN
RAILWAY COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—FELLOW SERVANTS—
STATUTE—CONSTRUCTION. A common laborer engaged in loading a
flat car with rails that had been used in repair work, who was in-
jured through the negligence of co-employees in the same work, is
not engaged in interstate commerce, within the meaning of the Em-
ployer's Liability Act, 35 Stats. 65, making common carriers by rail-
road while engaged in interstate commerce liable for injuries to
employees resulting from the negligence of co-employees, it not being
shown where the rails came from or were to go.

SAME. To avail oneself of the benefit of such statute, the burden
of proof is upon the plaintiff to show that his duties directly per-
tained to, and were a part of, interstate commerce.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered May 7, 1909, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries. Reversed.

*F. V. Brown* and *A. J. Laughon*, for appellant, contended,
among other things, that the attempted regulation of master
and servant by the employer's liability act is not within the
powers conferred upon Congress by art. 1, § 8 of the Federal
constitution and is an unlawful infringement upon the powers
reserved to the states by the tenth amendment. *County of
Mobile v. Kimball*, 102 U. S. 691; *Gloucester Ferry Co. v.
Pennsylvania*, 114 U. S. 196; *In re Rahrer*, 140 U. S. 545;
*Robbins v. Shelby County Taxing District*, 120 U. S. 489;
*United States v. Knight Co.*, 156 U. S. 1; *Hooper v. Cali-
fornia*, 155 U. S. 648; *Paul v. Virginia*, 8 Wall. 168; *Phila-
delphia Fire Ass'n v. New York*, 119 U. S. 110. The act
violates the fifth and fourteenth amendments in that it adopts
an arbitrary and unreasonable classification, and the liabil-

[1]Reported in 108 Pac. 774.

ity is not based upon the hazardous character of the employ-ment in which the employee may be engaged. *Gulf, Colorado & S. F. R. Co. v. Ellis*, 165 U. S. 150; *State v. Loomis*, 115 Mo. 307, 22 S. W. 350, 21 L. R. A. 789; *Connolly v. Union Sewer Pipe Co.*, 184 U. S. 540; *Akeson v. Chicago, B. & Q. R. Co.*, 106 Iowa 54, 75 N. W. 676; *Smith v. Burlington C. R. & N. R. Co.*, 59 Iowa 73, 12 N. W. 763; *Pearson v. Chicago, M. & St. P. R. Co.*, 47 Minn. 9, 49 N. W. 302; *Johnson v. St. Paul & D. R. Co.*, 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419; *Lavallee v. St. Paul M. & M. R. Co.*, 40 Minn. 249, 41 N. W. 974; *Schroeder v. C. R. I. & P. R. Co.*, 41 Iowa 344; *Potter v. C. R. I. & P. R. Co.*, 46 Iowa 399; *Malone v. Burlington C. R. & N. R. Co.*, 61 Iowa 326, 16 N. W. 203, 47 Am. Rep. 813; *Luce v. Chicago etc. R. Co.*, 67 Iowa 75, 24 N. W. 600; *Foley v. Chicago etc. R. Co.*, 64 Iowa 644, 21 N. W. 124; *Matson v. Chicago etc. R. Co.*, 68 Iowa 22, 25 N. W. 911; *Reddington v. Chicago, M. & St. P. R. Co.*, 108 Iowa 96, 78 N. W. 800; *Jemming v. Great Northern R. Co.*, 96 Minn. 302, 104 N. W. 1079, 1 L. R. A. (N. S.) 696; *Southern Indiana R. Co. v. Harrell*, 161 Ind. 689, 68 N. E. 262, 63 L. R. A. 460; *Missouri Pac. R. Co. v. Mackey*, 127 U. S. 205; *Tullis v. Lake Erie & W. R. Co.*, 175 U. S. 348; *Minnesota Iron Co. v. Kline*, 199 U. S. 593; *Chicago, K. & W. R. Co. v. Pontius*, 157 U. S. 209.

*McWilliams & McWilliams*, for respondent, contended, among other things, that the act is constitutional. *Railroad Companies v. Schutte*, 103 U. S. 118; *Jones v. Habersham*, 107 U. S. 174; *Michael v. Morey*, 26 Md. 239, 90 Am. Dec. 106; *Adair v. United States*, 208 U. S. 161, 178; *Watson v. St. Louis etc. R. Co.*, 169 Fed. 942, 944; *Spain v. St. Louis etc. R. Co.*, 151 Fed. 522; *Snead v. Central of Georgia R. Co.*, 151 Fed. 608; *Plummer v. Northern Pac. R. Co.*, 152 Fed. 206; *Kelley v. Great Northern R. Co.*, 152 Fed. 211. The plaintiff is within the provision of the em-

ployer's liability act. *Stubbs v. Omaha etc. R. Co.*, 85 Mo.
App. 192; *Callahan v. St. Louis Merchants' Bridge Term-
inal R. Co.*, 170 Mo. 473, 71 S. W. 208, 94 Am. St. 746,
60 L. R. A. 249; *Id.*, 194 U. S. 628; *Union Pac. R. Co. v.
Harris*, 33 Kan. 416, 6 Pac. 571; *Atchison etc. R. Co. v.
Brassfield*, 51 Kan. 167, 32 Pac. 814; *Atchison etc. R. Co.
v. Koehler*, 37 Kan. 463, 15 Pac. 567; *Chicago etc. Co. v.
Stahley*, 62 Fed. 363; *Snead v. Central of Georgia R. Co.*,
and *Kelley v. Great Northern R. Co.*, *supra*; Thornton, The
Employers' Liability and Safety Appliance Acts, Ed. 1909,
p. 50, note. The act is remedial and is to be liberally con-
strued. *Johnson v. Southern Pac. Co.*, 196 U. S. 1; Thorn-
ton, The Employers' Liability and Safety Appliance Acts,
Ed. 1909, p. 114. The classification adopted is not within
the prohibition of the fourteenth amendment. *Watson v.
St. Louis etc. R. Co.*, 169 Fed. 942; *Missouri Pac. R. Co. v.
Mackey*, 127 U. S. 205; *Minneapolis & St. Louis R. Co. v.
Herrick*, 127 U. S. 210; *Chicago etc. R. Co. v. Pontius*, 157
U. S. 209; *Tullis v. Lake Erie & W. R. Co.*, 175 U. S. 348;
*Sweet v. Rechel*, 159 U. S. 380, 392.

CROW, J.—Action by Jyntaro Tsmura against Great
Northern Railway Company, a corporation, to recover dam-
ages for personal injuries. From a judgment in his favor,
the defendant has appealed.

The appellant contends that the trial court erred in over-
ruling its demurrer to the complaint, its objection to the in-
troduction of evidence, its challenge to the sufficiency of the
evidence, and its motion for a directed verdict. Respondent,
in substance alleged that the appellant is a duly organized
railway corporation, organized under the laws of the state of
Minnesota, doing business as a common carrier by railroad
in that state and in the states of Washington and Montana;
that the respondent was employed by the appellant at an
agreed wage or hire in the capacity of a common laborer in
the state of Montana; that on July 6, 1908, the respondent

while so employed was engaged in the work of repairing appellant's main track and replacing rails thereon, and was directed by appellant's assistant roadmaster and assistant foreman to aid in loading on a flat car a number of rails which lay opposite appellant's railway track and which had been used in repairing the track; that while respondent and his coemployees were engaged in raising one of the rails from the ground and placing it on the car, certain of such coemployees, at the further end of the rail, suddenly, violently and without due care, threw their end of the rail on the car in such a manner as to injure the respondent; that the coemployees whose negligence is complained of were common laborers engaged in the same capacity as respondent in constructing and repairing appellant's railway track and loading the rails; that by an act of Congress passed in the year 1908, and approved April 22, 1908, entitled "An act relating to the liability of common carriers by railroad to their employees in certain cases," under the provisions of which act this case is brought, it was enacted as follows:

"Be it enacted by the senate and house of representatives of the United States of America in Congress assembled: That every common carrier by railroad while engaging in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia and any of the states or territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents, and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

"Sec. (3) That in all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee; Provided, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." 35 Stat. at Large, p. 65, ch. 149.

The appellant pleaded the defense of negligence of fellow servants, contributory negligence, and assumption of risk. From these pleadings it is manifest that the respondent predicates his right of action on the act of Congress approved April 22, 1908. The appellant contends, (1) that the act is unconstitutional and void; (2) that if it be held constitutional, its provisions are not applicable to the facts of this case, it not appearing that the respondent when injured was engaged in interstate commerce. In the *Employers' Liability Cases*, 207 U. S. 463, the supreme court of the United States held the act of Congress approved June 11, 1906, 34 Stats. 232, known as the Employers' Liability Act, to be unconstitutional and void, for the reason that, while it was addressed to all common carriers engaged in interstate commerce and imposed upon them a liability to their servants for damages for personal injuries sustained through the negligence of fellow servants, it did so without qualification or restriction as to the nature of the employment in which the servants were actually engaged at the time of the injury, and that it extended such liability in favor of *all* servants, whether their employment did or did not pertain to interstate commerce. In other words, the law was held invalid for the reason that it was too broad in its scope, in that it dealt with and regulated the liability of a master to all

servants without regard to the fact that many of them might be engaged in the discharge of duties which constituted no part of, or had no connection with, interstate commerce. The later act, approved April 22, 1908, was drawn and enacted for the express purpose of avoiding these defects, and it is manifest that Congress intended to make it applicable only to a servant who might, at the time of his injuries, be engaged in the performance of duties directly pertaining to interstate commerce, or, in the words of the act itself, "while he is employed by such carrier in such commerce." We do not think we are called upon to pass upon the constitutionality of the latter act, as, in our opinion, it cannot in any event be held applicable to the facts before us, and it is only necessary for us to pass upon appellant's second contention.

Assuming that the second act, approved April 22, 1908, is constitutional, do its provisions apply to the facts of this case? The evidence shows that the respondent with a number of his fellow servants was engaged in loading rails on a flat car; that it was the duty of all these servants to throw the rail on the car at a given signal; that respondent's fellow servants negligently attempted to throw it before the signal was given, thereby causing his injuries; and that, before loading the rails, respondent and his fellow workmen had been engaged in changing old rails for new rails on appellant's main line. There is no evidence of negligence on the part of the appellant or any of its servants, other than respondent's fellow servants engaged in the same work with him. It is not shown whether the rails were old or new, where they came from, where they were to be taken, or where the car was to go when loaded.

The respondent's theory seems to be that, because the appellant was authorized to, and did at times, engage in interstate commerce, and because the respondent was employed in loading a flat car with rails which had been used, or were to be used, in the repair of its roadbed in the state of Montana, he was necessarily engaged in interstate commerce within the

meaning of the act. We cannot assume that every employee of appellant, by reason of his employment, is so engaged. Appellant may have thousands of employees whose duties do not partake of that character. If the act in question is constitutional, it is so because it applies only to servants engaged in interstate commerce. If it is broad enough to include this case in its provisions, it is, in our opinion, open to the same objections which rendered the earlier act unconstitutional. If respondent is to avail himself of its benefits, the burden devolves upon him to show that the duties which he was performing while an employee of the appellant were of a character that directly pertained to, and were a part of, interstate commerce. No such showing was made, and appellant's motion for a directed verdict should have been sustained.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

RUDKIN, C. J., PARKER, and MOUNT, JJ., concur.